The opinion of the Court was delivered by

Mr. Justice Johnson.
The statute w'hich gives this action, in prescribing the mode of declaring, states that “it shall be sufficient for the plaintiff to allege that the defendant or defendants are indebted to the plaintiff, or received to the plaintiff’s use the monies so lost and paid, or converted the goods won of tlie plaintiff to the defendant’s use, &C.”
It is obvious that by authorising this general mode of proceeding, the legislature designed to remove all difficulties not absolutely inconsistent with the just rights of the' parties, in prosecuting the action; but it is equally certain, that it was intended to apprise the defendant, to a certain general extent,, of the nature of the demand upon him. With this view, the general count for money had and received was authorised, to recover' money won under any circumstances, and.the count for goods converted, to cover personal chattels, &c. This appears to me to give the plaintiff sufficient latitude for all the purposes of justice.
Let it then be asked, what was won on the race or what was converted by the defendant, and the answer given by the evidence is, that it was the note indorsed by Hooker. It was. *423 pot then the money claimed in the first count nor the goods Sic-, charged to be converted in the 2d-, count; and it does appear to me that if the plaintiff had designed to delude and entrap the ■ defendant, he could not have devised a better means than this, if the position taken by him were maintainable.
There is another view of this question. The thing w'ors on the race was the note endorsed hy Hooker; the consideration On which that was founded was the bet on the race and no other-That was void under the statute, and imposed no legal liability; so that in truth there was noihing bet. The payments made on it afterwards by the defendant, were wholly voluntary, and it may be well questioned whether on general principles he was entitled to recover it back, or whether the statute itself has provided for it; money and goods being the only articles referred to. Motion refused.
Johnson, Richardson, Colcoclc, and JYott,- Justices concur? red.